N THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HECTOR VAZQUEZ RIVERA, | |
| Plaintiff, | |
| v. | CIVIL NO. 15-2568 (GAG) |
| PUERTO RICO METROPOLITAN BUS AUTHORITY, et al., | |
| Defendants. | |

## MEMORANDUM ORDER

Hector Vazquez Rivera ("Plaintiff") filed the above-captioned complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the First, Fifth and Fourteenth Amendments of the Constitution of the United States.  (See Amended Complaint at Docket No. 22.) Defendants in this suit are the Puerto Rico Metropolitan Bus Authority ("PRMBA"), Daniel Ruiz Torres, Hector Santos Santos and Narciso De Jesus-Cardona (collectively "Defendants") in both their individual and official capacities.  Id.  In his complaint, Plaintiff concedes that he was affiliated with the Popular Democratic Party ("PDP") up until 2014, when he switched his affiliation to the New Progressive Party ("NPP").  Id. ¶ 6.2.  Plaintiff filed the instant action alleging Defendants, all members and affiliates of the PDP, discriminated against him because of his affiliation with the NPP.  Id. ¶¶ 6.3-6.6.

Presently before the Court are Defendants motions to dismiss under FED. R. CIV. P. 12 (b)(6). Docket Nos. 28 & 29.  The Court hereby **GRANTS** Defendants' motions to dismiss the complaint at Docket Nos. 28 & 29 and **DISMISSES** Plaintiff's claims for the following reasons:

**Civil No. 15-2568 (GAG)**

First, the Complaint fails to allege sufficient facts linking each Defendant to the specific grounds upon which it is premised. Redondo Wask Sys. v. Lopez-Freytes, 659 F.3d 136, 140-42 (1st Cir. 2011). As alleged, Plaintiff's complaint fails to adequately put each Defendant on notice of the claims and allegations against them, individually. Id. at 141 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) ("The whole point of notice pleading is to apprise defendants of the claims against them.").

Moreover, Plaintiff also fails to adequately and successfully plead how each defendant would have reasonably had knowledge of his political conversion to the NPP in 2014, after always having been affiliated with the PDP. (Docket No. 22 ¶ 6.2.) The only such allegation directed only to Defendant Daniel Ruiz ("Ruiz") appears at paragraph 4.27 of the Complaint. Therein Plaintiff states that following his refusal to be bribed and subsequent testimony to the authorities and Commonwealth legislature, as well as testifying in a federal case "individuals associated with the PDP Committee at AMA, including Mrs. Nora Gomez and Ruiz, began questioning Plaintiff's loyalty to the PDP, calling him among other things a traitor, untrustworthy, a [NPP] member, and questioning whether his color was red, blue or violet." (Docket No. 22 ¶ 4.27.)[1] This, in and of

---

[1] Paragraph 4.27 of Plaintiff's amended Complaint states that:

> The individually named Defendants all have knowledge of Plaintiff's political affiliation as he has shared it publicly within AMA and it is well known among his fellow employees. Despite the fact that he was a proud member of the PDP until the year 2014, Defendant Daniel Ruiz and others accused him of being a member of the NPP well before the time when he switched parties, and subjected him to political discrimination and intra-party discrimination for those reasons. Defendant Daniel Ruiz, as president of the PDP committee at AMA works in organizing PDP affiliated employees within AMA and knows the political affiliation of most AMA employees, but in particular that of Plaintiff who has been targeted for retaliation as alleged throughout the Complaint. Defendants Hector Santos Santos and Narciso de Jesus Cardona, works closely with Daniel Ruiz and listen to him as to whom to promote or demote, based on political affiliation, and in particular in the case of Plaintiff who has been the target of political discrimination and retaliation.

Docket No. 22 ¶ 6.4; see also:  Docket No. 22 ¶¶ 4.19, 4.25, 4.27.

**Civil No. 15-2568 (GAG)**

itself, is insufficient to plead a section 1983 cause of action against the PRMBA and other individual defendants in their official and personal capacities. Moreover, as to Ruiz himself, there are no particular pleadings of any facts as to how he plausibly knew Plaintiff's alleged new political affiliation. Further, merely alleging that Defendants conspired and acted in concert, in a conclusory manner does not meet the pleading requirement of FED. R. CIV. P. 8(a)(2).

Plaintiff's claims under the Fifth Amendment also fail given that there are no federal actors involved in this matter. See Martinez v. Sanchez Ramos, 498 F.3d 3, 8 (1st Cir. 2007).

Furthermore, Plaintiff's Fourteenth amendment claims also fail for the following reasons. Plaintiff has not pleaded a substantive due process claim, given that such provision does not cover First Amendment claims. Pagan v. Calderon, 448 F.3d 16, 33 (1st Cir. 2006). Plaintiff also fails to state a claim upon which relief may be granted as to the procedural prong of the Fourteenth amendment because Plaintiff was never terminated from his employment and, at the time of filing of the complaint, still retained his employment with the PRMBA, job title and pay. (Docket No. 22 ¶ 4.58.)[2] To state a claim of procedural Due Process, a plaintiff must plausibly plead he was deprived of a property interest. Gonzalez Pina v. Rodriguez, 278 F. Supp 2d 195, 206 (D.P.R. 2003).

For all the reasons stated above, the Court finds that Plaintiff's Complaint, as alleged, fails to plausibly state a claim upon which relief may be granted. Plaintiff's complaint is both factually

---

[2] Paragraph 4.58 of the Amended Complaint states that "At present, while Plaintiff retains the title and pay of Executive Officer, since his transfer he no longer performs the inherent functions of said classification, or even, for that matter, those of a supervisor, which constitutes a demotion and a deprivation of his clearly recognized property interest in his career position within AMA pursuant to the laws of Puerto Rico and the United States."

**Civil No. 15-2568 (GAG)**

and legally insufficient. Consequently, Plaintiff's claims under section 1983 are **DISMISSED with prejudice.**

Plaintiff's claim under the Americans with Disabilities Act ("ADA") (Docket No. 22 ¶ 11) is **DISMISSED without prejudice** for failure to exhaust administrative remedies.[3]

As a final matter, the Court refuses to exercise supplemental jurisdiction over Plaintiff's claims. Plaintiff's supplemental claims (Docket No. 22 ¶¶ 8-10) pursuant to Puerto Rico Law 100, Law 115 and Articles 1802 & 1803 of the P.R. Civil Code are **DISMISSED without prejudice**. These claims may be brought before the Puerto Rico Court of First Instance. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico this 19th day of April, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge

---

[3] See Olympic Auto. & Accessories v. PREPA, 68 F. Supp. 3d 300, 306-07 (D.P.R. 2014) (quoting McKart v. U.S., 395 U.S. 185, 193 (1969) ("The exhaustion of administrative remedies 'provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'")